### UNITED STATES v. B. P. DUCAS & CO.

(Circuit Court, S. D. New York. January 22, 1903.)

No. 3,187.

CUSTOMS DUTIES—CLASSIFICATION—BONE-SIZE SUBSTITUTE—STARCH.

Bone-size substitute, consisting of chemical starch, dextrin, magnesium chloride, and silica, which is used for stiffening the backs of fabrics, is not a preparation fit for use as starch, under paragraph 285, Schedule G, § 1, Tariff Act July 24, 1897, 30 Stat. 173, c. 11 [U. S. Comp. St. 1901, p. 1653], but is a chemical compound, under paragraph 3, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 4,883 (T. D. 22,872), relating to importations at the port of New York.

The character of the issues involved appears from the opinion of the Board of General Appraisers, which reads as follows:

FISCHER, General Appraiser. The merchandise in question consists of an article called "bone-size substitute." It was returned by the local appraiser as a "preparation of starch," and duty was assessed thereon at the rate of 1½ cents per pound, under the provisions of paragraph 285, Schedule G, § 1, Tariff Act July 24, 1897, 30 Stat. 173, c. 11 [U. S. Comp. St. 1901, p. 1653]. It is claimed to be dutiable under the provisions of section 6 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), at the rate of 20 per cent. ad valorem as an unenumerated manufactured article, or under the provisions of paragraph 3, Schedule A, § 1, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627], as a chemical compound, at the rate of 25 per cent. ad valorem.

Following the ruling laid down by the Supreme Court of the United States in the case of Chew Hing Lung v. Wise, 176 U. S. 156, 20 Sup. Ct. 320, 44 L. Ed. 412, we hold that this article is not dutiable as a preparation fit for use as starch. This article is used for stiffening the backs of corduroys and plushes, a use similar to that to which the tapioca flour, passed upon in the case above cited, was applied, and which the court held was not starching. The tapioca flour was a starch chemically, but not commercially; and the article before us consists of chemical starch, dextrin, magnesium chloride, and silica; but it is not a preparation fit for use as starch, nor is it a starch, either chemically or commercially. It appears also by the testimony that this article contains no glue. It is therefore not the class of merchandise passed upon in G. A. 349, which was called bone-size and was therein held to be dutiable as an article similar to glue.

We find that the merchandise in question is a chemical compound dutiable at the rate of 25 per cent. ad valorem under the provisions of paragraph 3, and sustain the protests to this extent, and reverse the decision of the collector. Proper reliquidation will follow.

Charles D. Baker, Asst. U. S. Atty.
Howard T. Walden, for importers.

WHEELER, District Judge. The decision of the Board of General Appraisers is affirmed.